## In Re BOLL'S ESTATE.

BOLL, et al., Respondents, v. STRAND et al., Appellants.

(178 N. W. 880.)

(File No. 4669.    Opinion filed July 30, 1920.    Rehearing denied November 6, 1920.)

1. **Wills—Contest, Continual Mental Incapacity, Hallucinations, No Evidence Of—Impressions From Momentary Excitement, Futility Of—Preponderant Testimony Favoring Validity, Effect.**

     There being no proof of hallucinations, or anything indicating continual mental incapacity of decedent, the evidence preponderating strongly in favor of the will, it will be upheld. The fact that several months before will was made decedent, when angry and excited, gave impression to certain parties that she was not in her right mind, is not controlling; no proof of other than normal mental condition at time will was drawn being shown.

2. **Same—Undue Influence—Failure to Equally Divide Property, Discriminating Toward Daughters Where Sons Preferred Re Father's Estate, Ample Reasons Sustaining Will, Effect—If Preference Unjustified, Matter for Jury.**

     Where the only peculiar thing about a will is, that it failed to divide the property equally among children, in that decedent gave more to daughters than to sons who had received relatively more from the deceased father's estate than had the daughters, such discrimination is not decisive of validity of will, ample reason appearing why decedent gave daughters relatively more.

**Held**, further, that even were such discrimination without justification, that fact alone is insufficient to show mental incapacity, though matter for jury's consideration.

3. **New Trials—Newly Discovered Evidence—Verdict Doubtful, Less New Evidence to Justify Reversal, Rule.**

Where correctness of verdict is doubtful, less new evidence justifies reversal than where verdict was fully sustained by evidence.

4. **New Trials—Newly Discovered Evidence—Affidavit, Materiality Of Disclosed By Opposing Evidence, Rule That Party, Not Attorney, Should Make Affidavit, Inapplicable, Rule.**

Where the materiality of an affidavit supporting application for new trial on ground of newly discovered evidence, is disclosed by evidence of adverse party, the rule that such affidavits should be made by party and not by his attorney, is inapplicable.

Appeal from Circuit Court, Minnehaha County. Hon. LOUIS L. FLEEGER, Judge.

In the Matter of the Estate of Margretha Boll, deceased. The county court, in a contest by plaintiffs John, Wiliam and Henry Boll, sons and heirs of decedent, admitted the will to probate. Upon appeal by contestants to circuit court, judgment was rendered adjudging the will invalid and void; from which judgment, and from an order denying a new trial, the proponents and heirs, Celia Strand and Amanda Heide, and John C. Mundt, as executor under the will, appeal. Reversed.

*Bates & Johnson*, and *Henry C. Mundt*, for Appellants.
*Waggoner & Stordahl*, for Respondents.

(1) To point one of the opinion, Appellants cited: In re Herr's estate, 251, Pa. 223.

(2) To point two, Appellants cited: Alexander on Wills, Sec. 353, 347 and cases cited; Boughton and Marston v. Knight L. R. 3 P & D, 64.

Respondents cited: Ginter v. Ginter (Kan.) 22 L. R. A. (N. S.) 1024; Johnson v. Shaver 172 N. W. 676.

(4) To point four, Respondents cited: Draper v. Taylor (Neb.) 79 N. W. 709; Rozienne v. Wolf 43 Ia. 393.

WHITING, J. [1, 2] The record discloses no evidence whatsoever warranting the submission of the question of undue influence and duress to the jury; but the instruction submitting

same was not excepted to, and therefore the cause cannot be reversed because the court gave same. Was the deceased mentally competent to make a will?. Respondents seem to be of the view that this case presents questions analogous to those in Johnson v. Shaver, 172 N. W. 676. In this they are mistaken. There is absolutely no proof of hallucinations nor proof of anything indicating continual mental incapacity on the part of the deceased At the very best, outside of testimony given by one Nicholson, it would appear that, several months before the will was made, the deceased, when angry and excited, gave the impression to certain parties who saw her that, at those times and while under the stress and excitement then controlling her, she was not in her right mind. There was no proof that her condition was such as to give rise to any inference of continued incapacity, and there was no proof tending to show other than normal condition at the time that the will was drawn. The only peculiar thing about the will is that it did not divide the property equally among the children. There is ample in the record before us to show what may have influenced decedent in so willing her property. It is clear that she was not as friendly to the sons as to the daughters. This may have been based on facts justifying her in feeling different toward the sons than toward the daughters. On the other hand, it may have been without any justification whatsoever, but that fact alone is not sufficient to show mental incompetency, though a matter for a jury's consideration. There is ample evidence from which one might conclude that the reason she gave her daughters more than her sons was because she felt that the daughters should have shared better out of their father's estate. Feeling that way, it is quite reasonable to presume that, even if she had felt as kindly towards her sons as her daughters, she would yet have tried to right the wrong which she thought had theretofore been done. The evidence preponderates strongly in favor of the validity of the will; in fact we can hardly understand how reasoning men, considering all the evidence, could have reached the conclusion that this woman was incompetent to make a will; at the best, there was very little evidence to support such a conclusion. In view of the fact that, for reasons hereinafter stated, there should be a reversal of this cause, and therefore a new trial, we refrain from any further review of the evidence received on the trial.

[3]   Regardless of the fact that there is no evidence to support the claim of undue influence, and that the great weight of the evidence tended to establish testamentary capacity, we naturally hesitate to reverse the action of the jury. We are ,however, of the opinion that a new trial should have been granted because of newly discovered evidence. Less new evidence justifies a reversal where the correctness of a verdict is doubtful than where the verdict was fully sustained by the evidence.

[4]   Respondent urges that a certain affidavit in relation to newly discovered evidence should have been made by the defendants, and not by their attorney. This should be the rule as to an affidavit in relation to evidence bearing directly upon a party's main case. It is then material to know whether the party knew of its existence at time of trial. But such rule can have no application to newly discovered evidence the materiality of which is disclosed by the evidence introduced upon the trial by the adverse party. Two proposed witnesses make affidavits as to matters most material in this case, the materiality of which appellants had no reason to anticipate.

The judgment and order appealed from are reversed.